78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo Enrique UBEDA-OLIVAS; Johany Herrera de Ubeda, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70601.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1996.
Decided March 12, 1996.
 
 Before: SNEED, PREGERSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mr. Ubeda argues that the Board applied an erroneous legal standard, that "it would have been incumbent upon him to show evidence that someone similarly situated has suffered persecution since the change of government in Nicaragua."[1] It might well be erroneous to require such a showing, as a matter of law, to establish that a fear was well-founded. We do not decide, however, whether the Board's statement amounts to an erroneous statement of law, because we do not think the BIA intended it as a legal criterion for asylum cases. Rather, as we read the BIA decision, the challenged statement was part of a factual rather than a legal discussion.
 
 
 3
 The BIA decision concedes that the petitioner need not demonstrate that someone in his exact position was denied asylum, returned to Nicaragua, and was killed, seriously wounded, or incarcerated despite the change of government. The BIA decision notes petitioner's concern about the risk of "retaliation for his resignation in the Sandinista youth organization," but points out that the concern is speculative, especially because of the change of government. The BIA points out that "the fact that the respondent lived and worked for 18 months at his wife's family's home suggests that there were no serious efforts being made to locate him even when the Sandinistas were fully in control of the government."
 
 
 4
 The BIA's factual determination is reviewed under the deferential substantial evidence standard, and can be reversed only when evidence on the whole record would compel a reasonable fact-finder to conclude that a well-founded fear existed. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). The burden of proof is on the asylum petitioner. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993).
 
 
 5
 There was substantial evidence from which the BIA could reasonably conclude that petitioner's fear, though genuine, was not well-founded. It was not unreasonable for the BIA to suppose that, had the Sandinistas really wished to find and punish petitioner for his political change of heart, they could have asked his acquaintances about whom he was married to and where his and his wife's families lived, and found him, during the year and a half in which he remained in Nicaragua. We understand the BIA's reference to persons similarly situated to be evidentiary rather than legal; because petitioner did not show that anyone like him had been persecuted, there was no particular reason to think he would be. He feared being killed, as another Sandinista official with a change of heart had been, but it was speculative whether that man had been killed by the Sandinistas or the Contras, and whether his killing had anything to do with his change of heart. Despite his known change of heart regarding the Sandinistas, no harm befell petitioner for the year and a half he remained in Nicaragua, he was issued a passport, and there was nothing but speculation to suggest that harm would befall him if he returned. Petitioner's asylum claim did not fail merely because he had not been persecuted in the past, but because his fear of persecution in the future was not well founded.
 
 
 6
 Petitioner also argues that his evidence of a well-founded fear was improperly disregarded, because of the continued power of the Sandinistas. We do not read the BIA decision as being a boiler plate rejection of Nicaraguan claims because of the change of government. Cf. Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992). During his hearing before the ALJ, petitioner was given the opportunity to address the affect of the change in government, and it was considered, in the BIA decision, in an individualized manner. While petitioner presented evidence from which a contrary inference might have been drawn, we cannot say that substantial evidence was lacking for the conclusion the BIA reached.
 
 
 7
 Because there was substantial evidence to support the BIA's conclusion that petitioner had failed to satisfy the standard for asylum, a fortiori, petitioner failed to meet the more demanding standard for withholding of deportation. De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 8
 Petition DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mrs. Ubeda does not assert any individual grounds for asylum, so her asylum eligibility relies entirely upon her husband's claim under 8 U.S.C. § 1158(a)